W. SHARP, J.
Smith appeals from his conviction and sentence for first degree arson after a jury trial. He argues that the trial court erred in not giving paragraph six of the following Florida Standard Jury Instruction (Crim.):
2.04 Weighing the Evidence
It is up to you to decide what evidence is reliable. You should use your common *775 sense in deciding which is the best evidence, and which evidence should not be. relied upon in considering your verdict. You may find some of the evidence not rehable, or less reliable than other evidence.
You should consider how the witnesses acted, as well as what they said. Some things you should consider are:
[[Image here]]
6. Has the ivitness been offered or received any money, preferred treatment or other benefit in order to get the witness to testify? (emphasis added)
Defense counsel requested this instruction after Gary Longo, the state’s key witness against Smith, testified that he had not been charged with a crime in connection with the arson.[1] Under the circumstances of this case, we think the failure to give this instruction was reversible error.
At the trial, Aeree, the owner of the house that was burned, admitted she was having financial problems and her mortgage was being foreclosed. Aeree received $8,000 net from her insurance company, after her house was destroyed. She denied knowledge oL or participation, in the fire. She denied she knew Smith or Longo. However, she admitted her boyfriend (Tully) told her that her house ought to bum and that arson is the hardest thing to prove. There was evidence Aeree moved her personal property and her dogs from the house prior to the fire, and that she gave $500.00 cash to her boyfriend. She testified she had been charged with burning her house with intent to defraud an insurer but her case had not yet been disposed of. She said she had made no deal with the state to give favorable testimony in exchange for lenient treatment.
Tully denied he had anything to do with burning the house. He denied knowing Longo. Tully admitted he took money from Aeree to give to Smith to buy Smith’s pickup truck. He admitted he was acquainted with Smith. Tully was charged with arson, but the charges were dropped for lack of evidence. He denied he had been offered anything for his testimony.
The fire inspectors testified they could not determine the cause of the fire, from an examination of the site itself. The debris was not tested, and thus it could not be determined whether gasoline was used to start the fire.
The evidence linking Smith to the commission of the arson proved at trial was inconclusive and insubstantial except for the testimony of Longo. Longo testified he and Smith talked with Tully and they agreed to burn Acree’s house. In prepayment, Tully gave Smith a gun and Smith pawned it. On the day of the fire, Smith and Longo brought.gasoline, doused the house, and Smith lit the fire while Longo played lookout. Longo received a TV for his help, and Smith got a new truck.
At the time of the trial and Smith’s sentencing, Longo had not been charged with a crime in connection with this case. Longo testified he did not know whether he was going to be charged with arson, no promises had been made to him by the authorities in that regard, he had not been told he would not be prosecuted if he did not testify against Smith, and no rewards had been given to him.
The issue in this case, as we see it, is whether the jury should be entitled to assume, from the circumstances, that a state witness has-been offered preferred treatment or other benefits from the state, in order to obtain that person’s testimony. The trial court assumed that a formal contract or deal with the prosecution was necessary before the requested instruction should be given, but in recognition of the *776 inferences arising from the circumstances in this case, the court said defense counsel could argue to the jury that the state’s failure to charge Longo is relevant to his credibility.
The implication of preferential treatment given to Longo is obvious, and it was not necessary that a specific contract or deal be proved at trial. Thus, the instruction should have been given. Argument of counsel to the jury was helpful, but it does not equate to the same metal and weight as an instruction by the court.
Since Longo’s testimony and Longo’s credibility were the key factors in this case against Smith and provided the only basis upon which the jury could have convicted Smith, we cannot say that the verdict was not affected by the failure to give the instruction. See Goodwin v. State, 751 So.2d 537 (Fla.1999). Thus, we conclude failure to give the instruction requested by the defense was reversible error.
REVERSED and REMANDED for new trial.
PETERSON, J., concurs.
HARRIS, J., concurs without participation in oral argument.

. On appeal, Smith also argues that the testimony of Dorette Aeree and James Tully warranted this instruction. Since the argument below was limited to Longo, we confine our holding to Longo’s testimony.